**UNION CARBIDE CORPORATION
et al., Relators,**

v.

**The Honorable B.D. MOYE,
Judge, Respondent.**

No. C–9302.

Supreme Court of Texas.

Nov. 21, 1990.

Hubert A. Crouch, III, E. Russell Nunnally, Dallas, David Crump, Houston, P. Michael Jung, William V. Dorsaneo, Jim E. Cowles, Dallas, F. Walter Conrad, Houston, for relators.

Robert M. Campbell, Nelson P. Roach, Daingerfield, for respondent.

OPINION

SPEARS, Justice.

This mandamus proceeding arises out of a suit in which over two thousand plaintiffs are alleging harm from exposure to toxic chemicals around the Lone Star Steel plant in Morris County. Relators here are Union Carbide Corporation and most of the four hundred defendants in the underlying suit (hereinafter referred to as Union Carbide). Union Carbide filed in the trial court a motion to transfer venue on the ground that an impartial trial could not be had in Morris County. *See* Tex.R.Civ.P. 257. The trial judge conducted a hearing based on a written record only and refused to allow live testimony. The trial judge overruled the motion to transfer venue.

Union Carbide contends that, under Texas Rule of Civil Procedure 258, it was entitled to a full evidentiary hearing with the presentation of live testimony in support of its motion to transfer venue. Alternatively, Union Carbide contends it was entitled to a continuance in order to better prepare for the written submission of its venue motion. We address only the second contention.

After the motion to transfer venue was filed in September 1988, the parties engaged in discovery relevant to the motion. Interrogatories were sent to the plaintiffs in order to identify their relatives in Morris County. Depositions of corporate representatives were noticed. Expert witnesses were designated and deposed.

On January 13, 1989, the trial court handed down an order reciting the parties' agreement "regarding the designation of expert witnesses and persons having knowledge of relevant facts *to be called to*

*testify at the venue hearing...."* (emphasis added). The order further stated that it applied "only to potential witnesses *who may testify at the hearing* on Defendants' Motion to Transfer Venue...." The record also reflects that, when the trial judge was scheduling the venue hearing, he stated his expectation that the hearing might last as long as eight weeks. All of the above circumstances led Union Carbide to believe that the court would conduct an evidentiary hearing at which witnesses would be allowed to testify.

On the day the venue hearing was scheduled to begin, plaintiffs filed a motion opposing oral testimony. After allowing Union Carbide less than twenty-four hours to respond, the trial court sustained the plaintiffs' motion and ruled that no oral testimony would be permitted at the venue hearing.

Union Carbide was taken by surprise. Because it had anticipated an eight-week venue hearing, Union Carbide had not arranged to have all of its evidence immediately available at the start of the hearing. Many of the witnesses Union Carbide had expected to call were not in Morris County at that time. Numerous deposition transcripts were not yet available. And, because the trial court had previously extended plaintiffs' deadline for responding to interrogatories to a date after the hearing would be concluded, the defendants had intended to call certain plaintiffs as live witnesses. Thus, Union Carbide had made preparations to assemble its proof in format for a lengthy evidentiary hearing, and its plans were effectively blocked by the trial court's sudden change.

Union Carbide moved for a continuance and requested additional time in order to supplement the record with more affidavits and discovery products. The trial judge denied the continuance and instructed Union Carbide to "present what you have now." Thus, Union Carbide was left unprepared and was unable to present for consideration numerous affidavits and depositions that it might otherwise have had ready.

■ Given these circumstances, we conclude that the trial court abused its discretion in denying a continuance. Texas Rule of Civil Procedure 258 provides that "reasonable discovery" in support of a motion to change venue "shall be permitted" and expressly provides that deposition testimony and other discovery products may be attached to affidavits on the motion. Since the trial court ruled before most of Union Carbide's discovery products were even available, it effectively denied Union Carbide this right to reasonable discovery set forth in Rule 258.[1] Moreover, because the trial court implicated itself in misleading Union Carbide as to the format for proof, we conclude that the court effectively deprived Union Carbide of its fundamental due process right to notice and a hearing. Having been misled as to the form of proof that would be acceptable, Union Carbide was placed in the untenable position of being allowed to attend the hearing without being able to submit its proof. Union Carbide cannot be penalized for relying on the court's own order as to the form of proof that would be acceptable. Justice requires that Union Carbide be afforded a reasonable opportunity to supplement the venue record with appropriate affidavits and discovery products prior to the trial court's ruling on the venue motion. *Cf. Powell v. United States,* 849 F.2d 1576 (5th Cir.1988) (holding that trial court's failure to give adequate notice that case would be decided on a written summary judgment record constituted harmful error).

We conditionally grant the writ of mandamus. The trial judge must vacate his order overruling defendants' motion to change venue and, prior to ruling on the venue motion, must permit a reasonable period of time for supplementation of the record. The writ will issue only if the trial

---

**1.** While it is clear that Texas Rule of Civil Procedure 258 requires a trial judge to allow deposition testimony, we do not at this time address the question of whether or in what circumstances Rule 258 also requires that a trial judge allow live testimony on an application to transfer venue.

judge fails to act in accordance with this opinion.

Concurring opinions by GONZALEZ and HECHT, JJ.

HECHT, Justice, concurring.

I join the Court in holding that the trial court clearly abused its discretion by denying relators a fair opportunity to present written evidence—affidavits, depositions and discovery responses—on their motion to transfer venue of the underlying litigation on the ground that an impartial trial cannot be had in Morris County. Thus, I agree that the trial court must vacate its order denying relators' motion and must afford them a reasonable opportunity to present evidence in support of their motion. On this score the Court is unanimous.

Whether the trial court can, should or must hear live testimony in connection with relators' motion remains unclear. The Court says only: "While it is clear that Texas Rule of Civil Procedure 258[1] requires a trial judge to allow deposition testimony [on a motion made under rule 257], we do not at this time address the question of whether or in what circumstances Rule 258 also *requires* that a trial judge allow live testimony on [such motion]." *Supra* at 793 n. 1 (emphasis added). Significantly, the Court expresses no similar reservation regarding the trial court's *power* to hear live testimony, as distinguished from its *duty* to do so. Nor does the Court respond to JUSTICE GONZALEZ' compelling arguments for allowing the trial court to hear live testimony in at least some cases. On these issues, which have been fully briefed and argued and are ripe for decision, the Court sends the participants away in the same uncertainty in which they came to us, leaving them to read between the lines.

I agree with JUSTICE GONZALEZ that the trial court is authorized and even obliged by rule 258 to hear live testimony when it is necessary to resolve issues that cannot be determined on a written record. A witness' credibility, for example, may be an important consideration in deciding a mo-

tion under rule 257 that is difficult to ascertain from affidavits or transcribed deposition testimony. Other issues, however, may readily be resolved upon written evidence. Again as an example, the strengths and weaknesses of surveys or demographic data, often evidence material to the possibility of an impartial trial in the forum, are sometimes, although not always, of course, apparent from entirely written evidence. I do not agree with JUSTICE GONZALEZ, therefore, that live testimony is necessary whenever the availability of an impartial trial in the forum is disputed. I would hold that under 258 a trial court may hear live testimony and must do so if, but only if, the issues cannot fairly be tried on a written record.

In my view, proceedings under rule 258 are similar to those under rule 120a as amended this year. Rule 120a permits affidavits and the results of discovery processes to be considered in determining a special appearance. The rule also allows the trial court to consider oral testimony, particularly when it appears from the affidavits filed that the facts cannot fairly be presented otherwise. This procedure offers reasonable flexibility in resolving preliminary issues like personal jurisdiction and the availability of an impartial trial while assuring a full and fair presentation of the facts. Its viability depends, however, upon the wise exercise of discretion by the trial court.

This is the procedure the rules prescribed for determining relators' motion to change venue based upon their claim that they cannot receive an impartial trial in Morris County, and the Court says nothing to the contrary. The trial court as well as the parties apparently considered at one point that live testimony would be appropriate on relators' motion and prepared for such a hearing. Nothing in the record indicates that the trial court ever reconsidered the appropriateness of hearing live testimony. The trial court's eventual refusal to hear live testimony appears to have been based upon its view that live testimony was not allowed under rule 258. The Court today

1. All references to rules are to the Texas Rules    of Civil Procedure.

does not endorse that construction of rule 258. Accordingly, the trial court should feel free to hear live testimony on relators' motion if necessary to resolve the issues raised. At the same time the trial court should not feel constrained to hear oral testimony on issues which can be decided on the written evidence offered. It is not our prerogative to specify the issues on which oral testimony should be offered, or to set time limits for the hearing. These matters are committed to the sound discretion of the trial court in conducting a fair trial of the issues raised. I am compelled to add, however, that I see no justification for a hearing on relators' motion that would take more than a small fraction of the six or eight weeks once planned for it.

I therefore concur in the Court's opinion as far as it goes, and in its judgment.

## GONZALEZ, Justice, concurring.

I concur with the court that the trial judge abused his discretion in not allowing relators an opportunity to supplement the record. I am more concerned, however, with the trial judge's refusal to conduct a hearing with live testimony. The court today does not prohibit the trial court from hearing live testimony on relators' motion; rather it chooses not to reach the issue. 798 S.W.2d 793 n. 1. I would hold that when there is a controversy over whether an impartial trial can be had in the county where the action is pending, the parties have a right to an oral hearing under rule 258 of the Texas Rules of Civil Procedure.

This mandamus proceeding is ancillary to over two thousand personal injury and wrongful death claims pending in Morris County, Texas. The plaintiffs allege that they were injured by exposure to a "toxic mushroom cloud" around the Lone Star Steel plant in Morris County. Plaintiffs claim that each of the four hundred defendants at some time manufactured or sold a product or provided a service at the Lone Star plant and that these products or services contributed to the toxic environment in and around the plant. Approximately thirty per cent of the 2,061 plaintiffs reside in Morris County.

The defendants moved for a change of venue on the grounds that they could not receive a fair and impartial trial in Morris County. Tex.R.Civ.P. 257(c).[1] The defendants sought to show that there are fewer than 6,000 citizens of the county qualified for jury duty and that the vast majority of potential jurors are plaintiffs, relatives of plaintiffs[2], or employees of Lone Star Steel. The defendants also asserted that the litigation was widely known among the county's citizens and that a significant number of citizens had formed fixed opinions about the merits of the case. Further, Lone Star Steel's recent layoffs of most of the work force allegedly generated strong local resentment towards Lone Star Steel and anyone connected with it. Finally, a proposed hazardous waste incinerator to be located in Morris County and owned by a sister company of Lone Star Steel allegedly created "near-hysteria" over environmental matters.

The defendants supported their motion for change of venue with affidavits as required by rule 258 of the Texas Rules of Civil Procedure.[3] The plaintiffs attacked

---

**1.** The rule provides:

A change of venue may be granted in civil causes upon motion of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

(a) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

(b) That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

(c) **That an impartial trial cannot be had in the county where the action is pending.**

(d) For other sufficient cause to be determined by the court.

Tex.R.Civ.P. 257 (emphasis added).

**2.** Defendants' survey concluded that the average Morris County resident has 11.48 relatives in the county. Consistently, plaintiffs' discovery responses show that they have an average of 11.42 relatives within the third degree of consanguinity over 18 years of age residing in the county.

**3.** The rule provides:

Where such motion to transfer venue is duly made, it shall be granted, unless the

the motion by controverting affidavits, thus forming an issue to be "**tried**" by the judge under rule 258.

The preparations for the venue hearing reasonably led defendants to believe that there would be an oral hearing with live testimony on the venue motion. Plaintiffs allegedly fostered this impression, stipulating to an order setting deadlines for designating witnesses. The trial judge set aside six to eight weeks for the hearing. A January 13, 1989 order recited the parties' agreement "regarding the designation of expert witnesses and persons having knowledge of relevant facts to be called to testify at the venue hearing," stating that the order applied "only to potential witnesses who may testify at the hearing on Defendant's Motion to Transfer Venue." Because the courtroom was not big enough to accommodate all of the parties and their counsel, arrangements were made to conduct the hearing in the local high school auditorium.

On the day the hearing was to begin, as defendants sought to call their first witness, plaintiffs filed a "Motion Opposing Introduction of Oral Testimony at the Hearing." Plaintiffs argued that the 1983 revisions to Tex.Rev.Civ.Stat. art. 1995 (now recodified at Tex.Civ.Prac. & Rem. Code §§ 15.063 and 15.064) were meant to do away with evidentiary hearings not only for "conventional venue" but for all types of venue issues. Plaintiffs' last minute motion was the first mention of any opposition to live testimony at the hearing. The trial judge allowed defendants less than 24 hours to respond, and then granted the motion.

Defendants claim that they were ambushed by this tactic. All along the plaintiffs and the trial judge led them to believe that there would be an opportunity to present evidence by live testimony at an oral hearing, and the defendants prepared accordingly. Defendants were not prepared to submit their evidence to the court on a paper record. Because the hearing was expected to be lengthy, some of the witnesses had yet to arrive. Defendants also lacked several deposition transcripts, but had expected to receive these before the hearing concluded. Defendants assert that they lacked relevant discovery responses from plaintiffs, which, as a result of the trial court's extension of time, were not due until after the scheduled end of the hearing. Defendants state that they had planned to overcome this situation by calling several plaintiffs as witnesses.

After the trial judge refused to allow oral testimony, the defendants requested a continuance so that they could supplement the record. The trial judge denied the continuance, and ordered defendants to proceed with what they had. While the judge indicated that he would take defendants' request to supplement the record under advisement, he concluded the hearing without allowing supplementation. The judge eventually denied the motion to transfer without ruling on the request to supplement the record, and in a written order recited that he had considered only the "affidavits filed by each party prior to the hearing on May 17, 1989."

The plaintiffs based their opposition to the oral hearing on section 15.064(a) of the Texas Civil Practice and Remedies Code, which provides:

In all venue hearings, no factual proof concerning the **merits of the case** shall be required to establish venue. The court shall determine venue questions from the pleading and affidavits. No interlocutory appeal shall lie from the determination.

(Emphasis added.) This section of the Practice and Remedies Code was enacted

---

credibility of those making such application, or their means of knowledge or the truth of the facts set out in the said application are attacked by the affidavit of a credible person; when thus attacked, the issue thus formed shall be *tried by the judge;* and the application either granted or refused. Reasonable discovery in support of, or in opposition to, the application shall be permitted, and such discovery as is relevant, including deposition testimony on file, may be attached to, or incorporated by reference in, the affidavit of a party, a witness, or an attorney who has knowledge of such discovery.
Tex.R.Civ.P. 258. (Emphasis added.)

as part of the comprehensive reform of venue practice in 1983. Act of June 17, 1983, 68th Leg., R.S., ch. 385, § 1, 1983 Tex.Gen.Laws 2119. Reading the venue statutes as a whole, in light of the historical distinction between ordinary venue determinations and transfer for local prejudice, I am convinced that section 15.064 was never intended to supplant practice under Texas Rule of Civil Procedure 257.

In 1941, the only statute dealing with transfer for local prejudice was repealed by the promulgation of rule 257 of the Texas Rules of Civil Procedure. *See* Tex.Rev.Civ. Stat. art. 2170, *repealed by* Act of May 15, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex.Gen.Laws 201.[4] Thereafter, transfer for prejudice was governed by rule, while establishing proper venue was determined by statute, principally Tex.Rev.Civ.Stat. art. 1995 (repealed 1985).

In former "plea of privilege" practice under article 1995, whenever venue was put in issue, the parties were entitled to a hearing resembling a full trial, including the right to a jury. 1 R. Mc Donald, Texas Civil Practice § 4.56 (1981). As a result, the **merits** of the case were often tried twice, once to establish **venue** and again on the trial on the **merits**. *See Compton v. Elliot,* 126 Tex. 232, 88 S.W.2d 91, 95–96 (1936). A party dissatisfied with the venue ruling had the right to an interlocutory appeal. Tex.Rev.Civ.Stat. art. 2008, *repealed by* Act of June 17, 1983, 68th Leg., R.S., ch. 385, § 2, 1983 Tex.Gen.Laws 2124. The inefficiency of dual trials and appeals caused wide-spread criticism and was one of the principle reasons for the reforms found in the 1983 changes. *See generally* Guittard & Tyler, *Revision of the Texas Venue Statute: A Reform Long Overdue,* 32 Baylor L.Rev. 563 (1980); Price, *Texas Venue Statute: Legislative History,* 15 St. Mary's L.J. 855 (1984).

Nothing in the scant legislative history of section 15.064 indicates that it is to apply to venue determinations under rule 257. The venue statutes do not purport to set forth the exclusive circumstances which would entitle a transfer for lack of a fair and impartial forum.[5] The vice that the legislature intended to correct—dual trials on the merits of the case—is no way implicated when the only issue to be tried in the venue hearing is the availability of an impartial forum. The silence from the legislature on this subject should not be viewed as an oversight. Rather, it is consistent with the historical treatment of ordinary venue determinations and transfer of venue for local prejudice as entirely different concepts.

The venue statutes address the question present in **every** case, which is to determine where the case can best be tried, balancing the interests of all the parties. These interests are largely a matter of the convenience of the parties. *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 142 (1951). The issue in a motion to transfer pursuant to rule 257 based on alleged **prejudice** in the county where the suit is pending is one of fundamental fairness and integrity of the judicial process. Its resolution has implications far beyond the particular controversy in question.

---

4. In 1939 the Texas Supreme Court was given authority to repeal procedural statutes by the enactment of rules of procedure to replace them. Act of May 15, 1939, 46th Leg., R.S., ch. 25, § 1, 1939 Tex.Gen.Laws 201.

5. The only reference in the statutes to change of venue for lack of an impartial trial is section 15.063, which provides:

The court, on motion filed and served concurrently with or before the filing of the answer, shall transfer an action to another county of proper venue if:
(1) the county in which the action is pending is not a proper county as provided by this chapter;
(2) an impartial trial cannot be had in the county in which the action is pending; or
(3) written consent of the parties to transfer to any other county is filed at any time.
Tex.Civ.Prac. & Rem.Code § 15.063 (1986). If this statute is the exclusive source of authority for transferring venue for lack of an impartial forum, then prejudice which only manifests itself after an answer has been filed can never be grounds for transfer. I do not view this reference to a specific situation as indication of intent to supplant our rules and decisions on transfers for local prejudice with this provision of the Texas Civil Practice and Remedies Code.

In an ordinary venue hearing, the plaintiff's pleading of venue facts are taken as true unless specifically denied. If challenged, the plaintiff must make prima facie proof of the facts denied. The cause must remain in the county of suit once the plaintiff has met the burden of proper pleading and prima facie proof, "unless the motion to transfer is based on the grounds that an impartial trial cannot be had in the county where the action is pending as provided in rules 257–259," or cases of mandatory venue. TEX.R.CIV.P. 87(3)(c).

Texas Rule of Civil Procedure 258 provides that the movant may file affidavits to show local bias or similar grounds for transfer, and if uncontroverted the motion must be granted. If the motion is controverted "the issue thus formed shall be *tried* by the judge." *Id.* (emphasis added). Certainly the "trial" contemplated by the rule must be more than another round of affidavits.

In a determination of statutory venue, the parties are not deprived of all opportunity to develop venue facts in open court. In statutory venue the issue is whether the facts of the cause of action fit the fact situations described by statute. 1 R. McDONALD, TEXAS CIVIL PRACTICE § 4.02 (1981). To a very large extent there is an overlap of the facts necessary to establish venue and the merits of the case. *Id.* The facts that come out during the trial on the merits will be considered in reviewing venue on appeal. Tex.Civ.Prac. & Rem.Code § 15.064(b). Thus there is some opportunity to show statutory venue facts in open court. The facts to support a motion under rule 257, however, will rarely, if ever, be further developed at the trial on the merits.

The facts in a statutory venue hearing are relatively objective. On the other hand, the existence of prejudice, favoritism and partiality so great that a fair trial cannot be had in the county where suit is pending is more subjective, with proof resting ultimately on opinion. Affidavits, depositions, and other documentary proof may shed some light on the scope of the alleged problem, but they are a poor substitute for an oral hearing. With an oral hearing, the trial judge can listen and observe the testimony of the witnesses in full view of the interested parties.

It is difficult, if not impossible, for the trial judge to evaluate the credibility of the witnesses and the weight to be given their testimony from reading the cold record. The importance of the issues at stake and the difficulty of adjudication by reading the record, require that the parties have the right to a hearing in open court. This procedure is not only superior to that advocated by the respondents but it is the procedure mandated by Texas Rule of Civil Procedure 258.

For these reasons, I concur that the trial judge must vacate the order overruling the defendants change of venue and I would order that he conduct an evidentiary hearing before ruling on the motion to transfer.