IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-05-00213-CV

 

In re Charlotte D. Oliver

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

Introduction

          Relator Charlotte Oliver seeks a writ
of mandamus directing Respondent, the Honorable J.D. Langley, Judge of the 85th
 District Court of Brazos County, to vacate an order denying Oliver’s motion
for continuance in the action below.  That action is a suit to determine a
request for an increase in current child support and for an arrearage owed by
Gary Oliver, the respondent below and the father and non-custodial parent of A.D.O.,
who is seventeen.

Background

          Charlotte asserts below that Gary has wrongfully sheltered and under-reported income by his being employed by a
business owned by his new wife.  Charlotte states that this business was
transferred to Gary’s wife by Gary’s parents immediately after the suit to
increase child support was filed.  According to Charlotte, Gary’s income, which
he now claims is $18,000 per year (it was $51,000 per year when this suit was filed),
is insufficient to support his and his wife’s lifestyle.  Charlotte alleges
that their personal expenses are being paid by the business and that Gary’s true income is not reflected by his tax return.

          To obtain an increase in child
support, Charlotte asserts that Gary’s net resources are the key
consideration.  See Tex. Fam.
Code Ann. § 154.062 (Vernon 2002).  To prove that Gary was
under-reporting his income and the amount of under-reporting—that he has been
hiding his true net resources and total income—Charlotte retained Caryn
Thompson, a certified public accountant and auditor, as an expert witness to
review Gary’s and the business’s financial records.  Charlotte asserts that Gary’s finances are complicated because his true income is interwoven with his wife’s
business and that his personal expenses have been camouflaged as business
expenses.  According to Charlotte, she cannot show Gary’s true net resources
without an expert, and Thompson, her expert, has provided evidence to her that Gary’s under-reporting was significant.

          On April 19, 2005, however, Charlotte received a telefax notification from Thompson that Thompson was withdrawing
without explanation and refusing to testify.  Charlotte states that Thompson
did not withdraw because of nonpayment of fees.

The suit was set for a bench trial on May 2,
2005.  Charlotte claims that neither party requested the setting and that
neither party announced ready.  On April 27, 2005, Charlotte filed a motion for
continuance of the May 2 trial setting based on her expert’s withdrawal and her
need to retain a new expert who would require adequate time to review the
relevant tax returns, accounts receivable, significant amounts of property
ownership transfers, and bank records.

The trial court denied the motion for
continuance.  According to Charlotte, her motion for continuance was not
opposed and Gary’s counsel, who himself approved of the continuance (of which
fact the trial court was informed), was surprised that the trial court denied
the motion for continuance.

We granted Charlotte’s motion for an emergency
stay and ordered a stay of the May 2 trial setting pending our resolution of Charlotte’s petition for writ of mandamus.  Despite our request, Gary has not filed a
response to Charlotte’s petition.

Standard of Review

          A ruling on a motion for continuance
is reviewed for abuse of discretion.  Villegas v. Carter, 711 S.W.2d
624, 626 (Tex. 1986).  We will grant mandamus relief if there has been a clear abuse
of discretion and the relator has no adequate legal remedy.  Walker v.
Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  Because the
motion for continuance was verified and uncontested, the motion’s factual
allegations must be accepted as true.  Garza v. Serrato, 699 S.W.2d 275,
281 (Tex. App.—San Antonio 1985, writ ref’d n.r.e.).

Analysis

          The granting or denial of a motion for
continuance is a matter resting within the sound discretion of the trial
court.  Villegas, 711 S.W.2d at 626.  The trial court's action will not
be disturbed unless the record discloses a clear abuse of discretion.  Id.

          An abuse of discretion in denying a
motion for continuance can occur when a party must attend a trial or hearing
but is unable to submit critical evidence.  See Union Carbide Corp. v. Moye,
798 S.W.2d 792, 793 (Tex. 1990) (orig. proceeding) (holding that trial court
abused its discretion in denying motion for continuance of party that would be
unable to submit evidence at venue hearing); Garza, 669 S.W.2d at 280-81
(holding that trial court abused its discretion in denying motion for
continuance of party that needed more than weekend before trial to obtain
expert witness to rebut plaintiffs’ new medical claims disclosed on eve of
trial).

          Charlotte’s assertion that without an
expert witness, she cannot establish Gary’s true net resources to prove her
claim for an increase in child support, is not controverted.  Given the
allegations about Charlotte’s expert’s withdrawal—which we must accept as
true—and that expert testimony is essential to Charlotte’s claim for increased
child support based on the facts of this case, we hold that the trial court
abused its discretion in denying Charlotte’s unopposed motion for
continuance of the May 2, 2005 bench trial.

          Charlotte must also establish that she
lacks an adequate remedy by appeal.  See In re Prudential Ins. Co., 148
S.W.3d 124, 135-38 (Tex. 2004) (orig. proceeding).  “Adequate” is a “proxy for
the careful balance of jurisprudential considerations that determine when
appellate courts will use original mandamus proceedings to review the actions
of lower courts.  These considerations implicate both public and private
interests.”  Id. at 136.

An appellate remedy is “adequate” when any
benefits to mandamus review are outweighed by the detriments.  When the
benefits outweigh the detriments, appellate courts must consider whether the
appellate remedy is adequate.

 

          This determination is not an abstract
or formulaic one; it is practical and prudential.  It resists categorization,
as our own decisions demonstrate.  Although this Court has tried to give more
concrete direction for determining the availability of mandamus review, rigid
rules are necessarily inconsistent with the flexibility that is the remedy’s
principal virtue.  Thus, we wrote in Walker v. Packer that “an appellate
remedy is not inadequate merely because it may involve more expense or delay
than obtaining an extraordinary writ.”  [Walker, 827 S.W.2d at
842].  While this is certainly true, the word “merely” carries heavy freight.

 

Id. 
In sum, “whether an appellate remedy is ‘adequate’ so as to preclude mandamus
review depends heavily on the circumstances presented and is better guided by
general principles than by simple rules.”  Id. at 137.

          With the above principles governing
our jurisprudential considerations, we hold that Charlotte lacks an adequate
remedy by appeal of the trial court’s denial of her motion for continuance.  We
recognize that mandamus review of incidental, interlocutory rulings by trial
courts is discouraged, but Prudential allows us flexibility to prevent proceedings
that are “certain to be ‘little more than a fiction.’”  Id.  On a
practical and prudential level, a trial of Charlotte’s claim for increased
child support without a necessary expert, given the facts alleged, would be an
irreversible waste of private and public resources.  See id. (citing In
re Masonite Corp., 997 S.W.2d 194, 198 (Tex. 1999) (orig. proceeding)).  No
sound principle or practicality that we can fathom would be served by requiring
Charlotte to try her claim for increased child support now without a necessary
expert and thus likely not prevail, and then appeal and try the case a second
time on remand—when the child whose support is at issue will probably have
reached majority—because the trial court should have granted her motion for
continuance before the first trial.  See In re Ford Motor Co., - - -
S.W.3d - - -, 2005 WL 1252290 at *1 (Tex. May 27, 2005) (citing Prudential
and granting mandamus relief where trial court denied motion for legislative
continuance).  Such an appellate remedy is not adequate under this case’s
circumstances.

 

 

Conclusion

          Because Respondent abused his
discretion and Relator has no adequate remedy at law, we grant the petition for
writ of mandamus and order Respondent to vacate his order denying the motion
for continuance.  We are confident that Respondent will comply with our ruling,
so the writ will issue only if Respondent fails to advise this Court in writing
within fourteen days after the date of this opinion that he has vacated the
order denying the motion for continuance.

 

 

 

                                                                   PER
CURIAM

                                                                   

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

          (Chief
Justice Gray dissenting)

Petition
granted and writ conditionally issued

Opinion
delivered and filed June 29, 2005

[OT06]






str=FULL&docnum=2&_startdoc=1&wchp=dGLbVtb-zSkAW&_md5=4f8f9d2b9e8ee913fd60a717cb45c37d">Pearson v. State, 994 S.W.2d 176, 179 (Tex. Crim.
App. 1999).  Henderson has failed to preserve his complaint for
appellate review.  See Tex. R.
App. P. 33.1(a).  We overrule Henderson’s second issue. 

Notification of Charges

            In his third issue, Henderson argues that
he was not properly notified of the reasons for adjudication.  Specifically, he
complains that the trial court’s admonishment refers to the “Original or
Amended MOTION TO PROCEED TO FINAL ADJUDICATION filed on 11-22-06.”  The record
does not contain a motion filed on November 22, but rather a motion filed on November
29.[4] 
This appears to be a mere clerical error.  The record does not indicate that
this error prevented Henderson from being notified of the grounds for adjudication. 
He signed the trial court’s admonishment, entered pleas of “true” and “not true”
to the various allegations, acknowledged that his pleas of “true” were made
“because they are true and for no other reason,” and waived the right to have
the charges read aloud.  Moreover, at no time did Henderson object to any lack
of notice.  His complaint is not preserved for appellate review.  See Tex. R. App. P. 33.1(a).  We overrule his third issue.

Ineffective Assistance

In his fourth issue, Henderson contends that trial
counsel rendered ineffective assistance by: (1) failing to object to the court’s
review of the PSI and the court’s failure to allow Henderson to comment on the
PSI; (2) failing to object to the court’s failure to hold a separate punishment
hearing or to allow Henderson to present evidence; (3) entering open pleas of
“true” absent a plea agreement; (4) failing to object to hearsay and conclusory
evidence; and (5) failing to object to inconsistencies in a previous order.   

To prove ineffective assistance, an appellant must show that:
(1) counsel’s performance was deficient; and (2) the defense was prejudiced by
counsel’s deficient performance.  See Strickland
v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); see
also Wiggins
v. Smith, 539
U.S. 510, 521, 123 S. Ct. 2527, 2535, 156 L. Ed. 2d 471 (2003).  The
appellant must prove, by a preponderance of the evidence, that there is no
plausible professional reason for a specific act or omission.  Bone v.
State, 77 S.W.3d
828, 836 (Tex. Crim. App. 2002).  There is “a strong presumption that counsel’s conduct
fell within a wide range of reasonable representation.”  Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005).  “[A]ny
allegation of ineffectiveness must be firmly founded in the record, and the
record must affirmatively demonstrate the alleged ineffectiveness.”  Thompson
v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).

              Although Henderson made a general
allegation of ineffective assistance in his untimely motion for new trial, he
failed to explain how trial counsel was ineffective.[5] 
He attached no evidence to his motion, and the trial court denied the motion
without a hearing.  Thus, the record is silent as to any reasons explaining
trial counsel’s actions.  We will not speculate as to those reasons.  See Thompson, 9 S.W.3d at 814.  Absent
a record revealing trial counsel’s strategy or motivation, Henderson has not
defeated the strong presumption that trial counsel’s actions fell within the
wide range of reasonable professional assistance.  See id.  His ineffective assistance claim is better raised
through an application for a writ of habeas corpus.  See Rylander
v. State, 101
S.W.3d 107, 110 (Tex. Crim. App. 2003); see also Bone, 77 S.W.3d at 837 n.30.




              The trial court’s judgment is
affirmed.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed March 5, 2008

Do not publish

[CR25]

 

 









[1]               To support this claim, Henderson included an affidavit in the appendix to his brief.  The State filed a motion to
strike the affidavit because it is not part of the appellate record.  Because we agree, the State’s motion is
granted.  See Hill v. State, 90 S.W.3d 308, 314 (Tex. Crim. App. 2002); see
also Ex parte Lekavich, 145 S.W.3d 699, 702 n.2 (Tex. App.—Fort Worth
2004, no pet.).





[2]               The PSI appears to have influenced
the trial court’s decision to impose a lighter sentence.  After reviewing the
PSI, the trial court stated, “At first I thought even more than 20 years might
be appropriate, but after refreshing my memory, there were some extenuating
circumstances.”  Henderson argues that it is “ludicrous to conclude that the
allegations and comments in the PSI, mostly negative, diminished the
sentence.”  Yet, the trial court’s statement seems to suggest otherwise.    

 





[3]
              Henderson was sentenced on January 16 and his motion was
filed on February 22.  See Tex. R. App. P. 21.4(a) (a motion for new trial must be filed “no later
than 30 days after, the date when the trial court imposes or suspends sentence
in open court”).  





[4]               Because this case involves two
cause numbers, the record contains two separate motions.





[5]
              The motion alleges:

 

Attorney for defendant believes
that evidence may have been improperly admitted or that the defendant did not
receive effective assistance of counsel.  Attorney for defendant believes that
the defendant may not have understood the ramifications of his actions and thus
certain pleas or actions at the hearings on application to proceed to final
adjudication, adjudication, and sentencing were involuntary.