# NO. 12-13-00080-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *SCOTLAND LEE HAMILTON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Scotland Lee Hamilton, Relator, requests a writ of mandamus directing the trial court to vacate its order transferring a suit affecting the parent-child relationship from Nacogdoches County, Texas, to Pettis County, Missouri, and to provide notice of hearing, an opportunity to be heard, and an opportunity to respond to the motion to transfer. The respondent is the Honorable Edwin A. Klein, Judge of the 420th Judicial District Court, Nacogdoches County, Texas. We conditionally grant the petition.

## PROCEDURAL BACKGROUND

Relator is the father of S.H. Respondent signed an order in a suit affecting the parent-child relationship, dated March 4, 2013, naming Relator as the parent joint managing conservator having "the exclusive right to designate the primary residence of the child without regard to geographic location." On March 7, 2013, the child's mother, Monica Mendez, filed a motion for new trial, a motion to modify parent-child relationship, and a motion to transfer. Mendez requested to be appointed as the person who has the right to designate the primary residency of the child. Contending that Pettis County, Missouri, is the county of residence of the child, she requested the court order the transfer of the proceeding. She filed an affidavit in support of relief complaining that Relator moved "from state to state" and left the child with strangers. On March 8, 2013, "after considering the pleadings and affidavit" of Mendez, Respondent ordered that the "suit is transferred to Pettis County, Missouri," and ordered the district clerk of that county to file and docket the suit.

Relator then filed this original proceeding challenging the trial court's order transferring the case to Missouri. He also filed a motion for emergency relief. We granted the motion, and stayed the proceedings in the trial court until further order of this court.

## PREREQUISITES TO MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding). This standard is satisfied where the trial court effectively deprives the relator of his fundamental due process right to notice and a hearing. *See Union Carbide Corp. v. Moye*, 798 S.W.2d 792, 793 (Tex. 1990) (orig. proceeding). Mandamus is properly employed to review the determination of a motion to transfer. *See* TEX. FAM. CODE ANN. § 155.204(h) (West 2008) (order transferring or refusing intrastate transfer of suit affecting parent-child relationship is not subject to interlocutory appeal); *see also* TEX. R. CIV. P. 87(6) (determination of a motion to transfer is not subject to interlocutory appeal). The relator bears the burden of establishing his entitlement to mandamus relief. *In re Acceptance Ins. Co.*, 33 S.W.3d 443, 448 (Tex. App.–Fort Worth 2000, orig. proceeding).

## MOTION TO TRANSFER

Because the trial court previously made a custody determination in Relator's suit affecting the parent-child relationship, the trial court had exclusive continuing jurisdiction. *See* TEX. FAM. CODE ANN. § 152.202 (West 2008). Mendez filed her motion to transfer at the same time she filed her motion to modify the parent-child relationship. Before a child custody determination is made under the Uniform Child Custody Jurisdiction and Enforcement Act, notice and an opportunity to be heard must be given to all persons entitled to notice under the law of this state. *See* TEX. FAM. CODE ANN. § 152.205(a) (West 2008). Mendez's attorney certified that the motions to modify and transfer were served on Relator's attorney of record on March 7, 2013, in accordance with the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 21a. He also requested a hearing date of March 20, 2013. The rules of civil procedure provide that, except on leave of court, each party is

2

entitled to at least forty-five days' notice of a hearing on a motion to transfer and any response or opposing affidavits must be filed at least thirty days prior to the hearing. TEX. R. CIV. P. 87(1). Likewise, in cases involving motions for intrastate transfers, the Texas Family Code specifies a scheme providing for due process. *See* TEX. FAM. CODE ANN. § 155.204 (West 2008).

Here, the motion to transfer was filed on March 7, 2013, alleging that one or more of the parties, and the child affected by the proceedings, no longer resides in Nacogdoches County. It is supported by evidence indicating that the child has lived in Missouri for approximately ten months. The certificate of service shows the motion was served on Relator's attorney of record on March 7, 2013. However, the trial court granted the motion on March 8, 2013, thereby depriving Relator of the opportunity to respond.

It is an abuse of discretion, correctable by mandamus, for a trial court to rule on a motion to transfer without giving the parties the notice required by the rules. *See* ***HCA Health Servs. of Tex., Inc. v. Salinas***, 838 S.W.2d 246, 247-48 (Tex. 1992) (orig. proceeding). Nothing before us reflects a viable reason for the court's failure to provide Relator the notice and hearing contemplated by the laws of this state. We therefore conclude that the trial court clearly abused its discretion.

## DISPOSITION

Having concluded that the trial court clearly abused its discretion by granting Mendez's motion to transfer and that Relator does not have an adequate remedy by appeal, we ***conditionally grant mandamus*** relief. We trust the trial court will promptly (1) vacate its order of March 8, 2013, transferring the suit to Pettis County, Missouri, and ordering the district clerk in that county to file and docket the suit in the appropriate court, (2) provide Relator time to respond to the motion, and (3) provide notice and a hearing in compliance with state law. The writ will issue only if the trial court fails to comply with the court's opinion and order within ten (10) days after the date of the opinion and order. The trial court shall furnish this court, within the time for compliance with the court's opinion and order, a certified copy of its order evidencing such compliance. Our ***stay*** of the trial court's order issued May 21, 2013, ***is lifted***.

### SAM GRIFFITH
Justice

Opinion delivered June 5, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# <u>ORDER</u>

**JUNE 5, 2013**

**NO. 12-13-00080-CV**

**SCOTLAND LEE HAMILTON,**
Relator
v.
**HON. EDWIN A. KLEIN**,
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **SCOTLAND LEE HAMILTON**, who is the relator in Cause No.C1227987, pending on the docket of the 420th Judicial District Court of Nacogdoches County, Texas. Said petition for writ of mandamus having been filed herein on March 15, 2013, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **conditionally granted**.

And because it is further the opinion of this court that the trial judge will act promptly and (1) vacate its order of March 8, 2013, transferring the suit to Pettis County, Missouri, and ordering the district clerk in that county to file and docket the suit in the appropriate court, (2) provide Relator time to respond to the motion, and (3) provide notice and a

hearing in compliance with the statute, the writ will not issue unless the Honorable Edwin A. Klein, Judge of the 420th of Nacogdoches county fails to comply with this court's order within ten (10) days from the date of this order.

It is further ORDERED that **MONICA CANDACE MENDEZ** pay all costs incurred by reason of this proceeding**.**

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*