**Opinion issued July 12, 2012**



In The

# Court of Appeals

For The

# First District of Texas

**NO. 01-11-00304-CV**

**AYIBA QUEENDALYN CHINYERE, SULEMAN NELSON ILODIGWE AND ALL OTHER OCCUPANTS OF 13523 BONILLA LANE, HOUSTON, TEXAS 77083, Appellant**

**V.**

**WELLS FARGO BANK, N.A., Appellee**

**On Appeal from the County Civil Court at Law No. 4
Harris County, Texas
Trial Court Case No. 985918**

**O P I N I O N**

This is an appeal from a county court judgment in favor of plaintiff-appellee, Wells Fargo Bank, N.A., in a forcible-detainer action. We vacate the judgment and dismiss the case for lack of jurisdiction.

# BACKGROUND

### *The underlying proceedings*

Following its December 7, 2010 purchase of the home at 13523 Bonilla Lane at a non-judicial foreclosure sale, Wells Fargo filed a forcible-detainer action in justice court in February 2011 seeking to evict defendants-appellants Ayiba Queendalyn Chinyere, Suleman Nelson Ilodigwe, and any other occupants of the Bonilla property (collectively, appellants). Wells Fargo was awarded possession of the Bonilla property in that proceeding, and appellants appealed to county court of law. The county court held a de novo bench trial, and again awarded Wells Fargo possession of the Bonilla property. It is from that judgment that appellants appeal.

### *Other proceedings*

On September 7, 2010—before the forcible-detainer proceedings were instituted by Wells Fargo in justice court—appellants had filed suit in state district court to avoid foreclosure. They later amended that suit to request that the foreclosure be set aside. On December 16, 2010, Wells Fargo removed that lawsuit to federal district court, where it remained pending at the time of the underlying justice and county court proceedings.

## ISSUES ON APPEAL

Appellants challenge the county court's judgment in two issues: (1) "Whether the trial court erred in denying Appellants' motion to abate," and (2) Whether the trial court abused its discretion by allowing Wells Fargo's attorney to testify at trial without calling any witness."

## MOTION TO ABATE

Before the trial in county court, appellants filed a verified motion to abate the proceedings pending resolution of the federal district court case. In that abatement motion, appellants allege that "the parties are litigating this same dispute in federal court." According to appellants, the "case in federal court is intertwined with the current eviction suit," in that "Defendants are contending that Wells Fargo Bank, N.A. is not the owner of the note and deed of trust for which it foreclosed on Defendant's property" and that "they did not receive adequate notice of the foreclosure sale."

Before trial, the county court denied the motion:

> THE COURT: Okay. Ready for trial? I see a motion to abate which should have been set on a motion docket, but I'll tell you, I won't abate this pending federal court. I've got to move my docket, and federal judges do what they want to do. It can be on my docket. They can't determine possession anyway.

> [DEFENDANTS' COUNSEL]: I did file injunctive relief over there also.

3

THE COURT: From what? They can't enjoin me. That was before all this. They can't enjoin me because they don't have jurisdiction over possession.

[DEFENDANTS' COUNSEL]: I know, but the two cases are intertwined actually.

THE COURT: I don't think, you know, I don't think you'll find any case law that tells me that I have to abate in deference to — you know it would be like abating in deference to district court. Fight them. Ultimately, the only issue we're here today on is who has the superior right to possession. So I'm not going to abate. I don't abate for district courts. I don't abate for federal courts because they can take years. I don't have years to do that.

[DEFENDANTS' COUNSEL]: The other issue we have, Your Honor, is that, if this case is not abated and is tried on the merits and, you know, you move — you rule for Wells Fargo, then my case in federal court becomes moot.

THE COURT: No, it doesn't.

[DEFENDANTS' COUNSEL] Well, Your Honor, if —

(Discussion off the record).

THE COURT: Your motion to abate is denied. We're ready for trial today.

*Parties' arguments*

Appellants argue that, while generally "a forcible-detainer action is intended to provide a speedy, summary, and inexpensive determination of the right to immediate possession of real property," such proceedings are inappropriate in a foreclosure, rather than landlord-tenant, context. This is because, according to appellants, the issues are generally more complicated in a foreclosure proceeding, and the lender should not benefit from the piecemeal adjudication of possession

4

issues before title issues are resolved. Here, appellants contend, the title dispute and possession issue are so intertwined that the justice and county courts should be stripped of jurisdiction to hear the case. *See Dormady v. Dinero Land & Cattle, Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) ("[I]f the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title.")

In response, Wells Fargo contends that the county court properly denied the motion to abate. It points out that a "justice court or county court at law is not deprived of jurisdiction merely by the existence of a title dispute, but is deprived of jurisdiction only if 'the right of immediate possession necessarily requires the resolution of a title dispute.'" *See Rice v. Pinney*, 51 S.W.3d 705, 713 (Tex. App.—Dallas 2001, no pet.). Wells Fargo also contends that a forcible-detainer action is not exclusive, but cumulative of other remedies, *id.* at 708, and that the Texas Supreme Court has recognized that the legislature contemplated concurrent actions in the district and justice courts to resolve issues of title and immediate possession, respectively. *See Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936). According to Wells Fargo, "Appellant's mere allegation that a lawsuit is pending in federal court in which they contest the foreclosure sale and assert that they did not receive foreclosure notices, without more, does not provide a basis for the court to withhold ruling on the issue of immediate possession."

*Applicable Law*

Justice of the peace courts and, on appeal, county courts, have jurisdiction of forcible-detainer suits. TEX. PROP. CODE ANN. § 24.004 (Vernon Supp. 2011); TEX. R. CIV. P. 749. The sole issue in a forcible-detainer action is which party has the right to immediate possession of the property. *Dormady*, 61 S.W.3d at 557 "[T]he merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Accordingly, to prevail in a forcible-detainer action, the plaintiff need not prove title but merely present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormady*, 61 S.W.3d at 557 (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)).

Courts have recognized that a question of title may be so intertwined with the issue of possession so as to preclude adjudication of the right to possession without first determining title. In such cases, neither the justice court nor the county court on appeal, has jurisdiction.[1] *Dormady*, 61 S.W.3d at 557–58; *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). Whether such subject-matter jurisdiction exists "is a question of law, subject to de novo review." *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.).

---

[1] A justice court may not adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon Supp 2011).

6

Subject-matter jurisdiction can be raised at any time, including for the first time on appeal. *Id*.

*Analysis*

Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible-detainer actions generally turns on whether there is a basis—independent of the claimed right to title—for the plaintiff's claim of superior possession rights in the property.

In *Mitchell v. Armstrong Capital Corp.*, we held that a pending title dispute in state district court deprived the justice courts, county courts, and our Court of jurisdiction over a claimed right of possession flowing from rights as the purchaser at a foreclosure sale. 911 S.W.2d at 169. In that case, title to the property owner's home was burdened with a Builder's and Mechanic's Lien Contract securing payment on a promissory note to Armstrong Capital Corporation for repairs. *Id*. at 170. After the property owner defaulted, Armstrong Capital requested enforcement of the lien and it purchased the property at the resulting substitute trustee's sale. *Id*. After the property owner refused a demand to vacate, Armstrong Capital filed a forcible-detainer action. *Id*. Among other defenses, the property owners asserted that the lower courts, and this Court, lacked jurisdiction because they had requested abatement of the forcible-detainer action pending the outcome of a lawsuit they filed in state district court seeking to set aside the foreclosure. *Id*. at

7

170–71. We agreed, explaining that "[b]ecause a 'title issue' was involved in the courts below, they had no subject matter jurisdiction over the case." *Id*. at 170.

In contrast, just last year in *Morris v. American Home Mortgage Servicing*, we addressed jurisdictional arguments identical to those made by appellants in *Mitchell*, but held that the justice court, county court, and this Court did have jurisdiction. 360 S.W.3d 32, 35 (Tex. App.—Houston [1st Dist.] 2011, no pet.). There we noted that, unlike in *Mitchell*, "the original deed of trust contained language establishing a landlord-tenant relationship between the borrower and the purchaser." *Id.* We concluded this was a dispositive difference because it provided a basis to resolve rights to possession without resolving the ultimate title dispute.

> The existence of a landlord-tenant relationship provides a basis for the court to determine the right to immediate possession without resolving the question of title. *See Villalon* [*v. Bank One*], 176 S.W.3d [66,] 71 [(Tex. App.—Houston [1st Dist.] 2004, no pet.]. When, however, the right to possession depends upon the resolution of a question of title, neither the justice court nor the county court has jurisdiction. *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
> . . . .
> Because the plaintiff in a forcible detainer action is only required to demonstrate a superior right to immediate possession, the county court can determine possession without quieting title if the deed establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale. *See Villalon*, 176 S.W.3d at 71; *Rice v. Pinney*, 51 S.W.3d 705, 712–13 (Tex. App.—Dallas 2001, no pet.). At the hearing, AHMS introduced the substitute trustee's deed, showing that Wells Fargo was the successor in interest to Option One Mortgage Corporation, and that it, through its servicing agent, AHMS

had purchased the property at the foreclosure sale. Evidence presented in the county court also established that the original deed of trust contained language establishing a landlord-tenant relationship between the borrower and the purchaser. AHMS also introduced the notice to vacate, which named it as the successor in interest, as a servicing agent, to Option One Mortgage Corporation. Because the evidence in the county court showed that AHMS was the service agent for Wells Fargo, and there was a landlord tenant-relationship between Morris and Wells Fargo, the county court could determine possession without quieting title. Accordingly, we hold that the justice and county courts were not deprived of subject-matter jurisdiction.

*Morris*, 360 S.W.3d at 34–35; *see also Yarto & DTRJ Invs., L.P. v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) ("In most situations, the parties in a forcible detainer suit are in a landlord-tenant relationship. One indication that a justice court, and a county court on appeal, is called on to adjudicate title to real estate in a forcible detainer case—and, thus exceed its jurisdiction—is when a landlord-tenant relationship is lacking.").

Courts have consistently followed or distinguished *Mitchell* on the same basis. *Compare Yarto*, 287 S.W.3d at 89–90 (concluding justice court lacked subject-matter jurisdiction in forcible-detainer action because determining who had a superior right of possession required immediate resolution of title dispute) *and Hopes v. Buckeye Ret. Co., LLC*, No. 13-07-00058-CV, 2009 WL 866794, at *5 (Tex. App.—Corpus Christi, Apr. 2, 2009, no pet.) ("Without a landlord-tenant relationship or other basis independent of the Community Improvements contract, the justice court could not determine the issue of immediate possession without

9

determining ownership of the property."), *with Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893–94 (Tex. App.—Dallas 2011, pet. denied) (agreeing that "title determination was not required to determine the right to possession because the landlord-tenant relationship [found within the deed] provided an independent basis for possession" such that justice court had jurisdiction over forcible-detainer claim); *Elwell v. Countywide Home Loans, Inc.*, 267 S.W.3d 566, 569 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.) (holding justice and county courts had jurisdiction in forcible-detainer action because deed of trust rendered appellant a "tenant at sufferance," giving rise to landlord-tenant relationship between parties and, thus, "it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to Countrywide"); *Rice*, 51 S.W.3d at 709–10 (holding justice and county courts had jurisdiction in forcible-detainer action because deed of trust established a landlord and tenant-at-sufferance relationship, which, unlike in *Mitchell*, provided an "independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property"); *Dormady*, 61 S.W.3d at 559 (holding justice and county courts had jurisdiction in forcible-detainer action, observing that the situation in *Mitchell* was "not the situation in this case where a landlord-tenant relationship is established in the original deed of trust" that "provides a basis for

determining the right to immediate possession without resolving the ultimate issue of title to the property.")

We have examined both the Deed of Trust and the Substitute Trustee's Deed in the underlying dispute and neither one contains language creating a landlord-tenant relationship. Moreover, Wells Fargo has not argued that there is any basis for its claimed possession rights other than the title rights it gained through the disputed foreclosure. Thus, in this case—unlike the *Morris*, *Bruce*, *Elwell*, *Rice* and *Dormady* cases cited above—there is no independent basis aside from Wells Fargo's claim that it has superior title rights. Rather, like in *Mitchell*, *Yarto*, and *Hopes*, Wells Fargo's claim to possession in the underlying proceedings rests solely on its claim to title. Accordingly, the lower courts "had no subject matter jurisdiction over the case." *Mitchell*, 911 S.W.2d at 171. We sustain appellant's first issue.

## CONCLUSION

Given our resolution of appellant's first issue, we need not address his second issue. We vacate the lower courts' judgments and dismiss the case. TEX. R. APP. P. 43.2(e).

11

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.