# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00297-CV

Wells Fargo, N.A., Appellant

v.

Jonathan Steel and/or All Other Occupants 1321 Mimosa Pass, Cedar Park, TX 78613,
Appellees

FROM THE COUNTY COURT OF LAW NO. 4 OF WILLIAMSON COUNTY
NO. 12-1789-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Wells Fargo, N.A., appeals a trial court judgment dismissing a forcible detainer action it had filed against Jonathan Steel and other occupants of 1321 Mimosa Pass, Cedar Park, TX 78613.[1] To elaborate on the bases of its judgment, the trial court prepared "findings of fact and conclusions of law" to the effect that Wells Fargo had failed to prove the existence of a landlord-tenant relationship between it and Steel and that, in the absence of such a relationship, Wells Fargo's claim to a superior right to immediate possession was so intertwined with questions of title as to be beyond its subject-matter jurisdiction to adjudicate.[2] Wells Fargo's core contention on

---

[1] Sometime after he purchased the property at issue, Steel legally changed his surname to Martindale, and he is identified by both surnames in the record. In his brief on appeal, he uses the Steel surname for consistency, and so will we.

[2] *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *id.* at 713 (collecting cases); *see also Chinyere v. Wells Fargo Bank, N.A.*, No. 01-11-00304-CV, 2012 WL 2923189, at *3–5 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.) (holding lower

appeal is that, contrary to the trial court's holdings, the substitute trustee's deed conveying it the property and Steel's deed of trust conclusively established the landlord-tenant relationship and, in turn, Wells Fargo's superior right to immediate possession. More specifically, in three issues, Wells Fargo accuses the trial court of erroneously "excluding" "evidence" of the substitute trustee's deed and deed of trust (first issue), of simply "ignoring" this "evidence" (second issue), and of improperly delving into the underlying validity of the foreclosure sale (third issue). These contentions are without merit, and quickly disposed of.

As Wells Fargo tacitly acknowledges in its first issue, no evidence of the purported instruments on which it relies was ever admitted at trial—in fact, the sole evidence contained in the reporter's record from trial was presented by Steel, and consisted only of his counsel's testimony proving up his attorney's fees. Nor did Wells Fargo preserve any complaint regarding the trial court's supposed "exclusion" of its evidence—to the contrary, the trial record reflects that Wells Fargo merely presented argument and did not attempt to introduce any evidence, much less make a record of any adverse evidentiary rulings for appellate review. *Cf.* Tex. R. App. P. 33.1(a)(1). Accordingly, we overrule Wells Fargo's first issue.

In its second issue, Wells Fargo insinuates that evidence of the substitute trustee's deed and deed of trust was "already admitted into the court record." Wells Fargo is apparently referring to the clerk's record, which contains, as an attachment to its original petition in

courts lacked subject-matter jurisdiction over forcible detainer action where evidence failed to establish landlord-tenant relationship). The trial court further took judicial notice of a pending district court lawsuit that, according to the court, disputed the question of title. *See Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex. App.—Corpus Christi 1998, no pet.) ("Specific evidence of title dispute is required to raise an issue of a justice court's jurisdiction.").

2

justice court, a document titled "Trustee's Deed (By Substitute Trustee)," as well as notices to vacate, accompanied by a business-records affidavit. Even assuming that these documents were properly made part of the evidentiary record on which the trial court could have relied in the de novo appeal, they alone would not have sufficed to establish Wells Fargo's right to immediate possession. Instead, as Wells Fargo acknowledges, it could prevail only if it presented evidence of, among other things, a landlord-tenant relationship between it and Steel. *See Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.) ("This landlord-tenant relationship provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property."); *see id*. at 712 n.4 ("[O]ne indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking."); *see also* Tex. Prop. Code § 24.002(a)(2). The substitute trustee's deed in itself did not establish that relationship, so Wells Fargo ultimately relies on the deed of trust, which, according to Wells Fargo, provided that if Steel did not surrender possession of the disputed property following foreclosure sale, he would become a tenant at sufferance. However, the deed of trust is nowhere to be found in the clerk's record,[3] and, although Wells Fargo attaches what purports to be a copy to its appellate brief, we may not consider it.[4] Nor does Wells Fargo point to any other ground that would

---

[3] While the deed of trust was purportedly recorded in the Williamson County real property records, Wells Fargo does not suggest that this fact alone would relieve it of its evidentiary burden.

[4] *See In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.) (reviewing courts cannot consider matters outside the appellate record).

Similarly, Wells Fargo represents that Steel's counsel "stipulated" below that Steel had "signed and agreed to the terms contained in the Deed of Trust," further insinuating that Steel

3

compel the county court to hold that it had the right of immediate possession. *Cf. Rice*, 51 S.W.3d at 709–13; *see also Chinyere v. Wells Fargo Bank, N.A.*, No. 01-11-00304-CV, 2012 WL 2923189, at *3–5 (Tex. App.—Houston [1st Dist.] July 12, 2012, no pet.). We overrule Wells Fargo's second issue.

As for Wells Fargo's third issue, it amounts to little more than an implication of the arguments advanced in its first two issues. We likewise overrule it.

**CONCLUSION**

We affirm the trial court's judgment.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   January 7, 2014

---

conceded the existence of a landlord-tenant relationship. Steel denies this, and the appellate record supports only Steel's account of the proceedings.