**Opinion issued June 25, 2015.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00272-CV

———————————

**IRIS WILLIAMS, Appellant**

**V.**

**VRM-VENDOR RESOURCE MANAGEMENT DULY AUTHORIZED AGENT FOR SERVICE OFFICE OF VETERAN AFFAIRS, Appellee**

---

**On Appeal from County Court at Law No. 4**
**Fort Bend County, Texas**
**Trial Court Case No. 13-CCV-051775**

---

## MEMORANDUM OPINION

Iris Williams appeals a judgment in favor of VRM - Vendor Resource Management Duly Authorized Agent for the Service Office of Veteran Affairs (VRM) in a forcible detainer action. In two issues, Williams contends that the

county court erred in granting judgment in VRM's favor because (1) Williams was entitled to purchase the property through a short sale, and (2) the court should have abated or continued the forcible detainer action until after Williams's entitlement to a short sale was decided in a separate suit. Although she does not describe them as such, Williams's complaints are best understood as a challenge to the justice and county court's subject matter jurisdiction over the forcible detainer action.

Finding no error in the county court's judgment, we affirm.

## Background

Following its February 7, 2012 purchase of a home in Fort Bend County at a non-judicial foreclosure sale (the Property), VRM filed a forcible detainer action in justice court seeking to evict Williams and any other occupants of the Property. Williams was occupying and holding possession of the Property through the borrowers/mortgagors on the Deed of Trust lien that was non-judicially foreclosed. The Deed of Trust contains a tenant at sufferance clause making the borrower and anyone holding possession of, or occupying, the Property by, through, or under, the borrower after a foreclosure sale, a tenant at sufferance.

Because Williams did not file an answer or otherwise make an appearance in the case, the justice court awarded VRM possession of the Property by means of a default judgment. Williams appealed to the county court at law. After conducting a

2

de novo bench trial, at which Williams was present, the county court awarded VRM possession of the Property.

**Forcible Detainer**

A forcible detainer action is a summary, speedy, and inexpensive remedy for resolving a dispute over "who is entitled to possession of the premises." *See McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984). The only issue to be determined in a forcible detainer action is the right to actual possession of the premises; the trial court may not adjudicate questions of title. *See* TEX. R. CIV. P. 510.3(e); *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 82 (Tex. App.— Houston [1st Dist.] 2012, no pet.) (citations omitted); *see also Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (stating that any defects in foreclosure process or with purchaser's title to property may not be considered in forcible detainer action). Such defects must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed. *Shutter*, 318 S.W.3d at 471. An action for forcible detainer is cumulative of all other remedies a party may have in the courts of this State and may be prosecuted concurrently with a title dispute in district court. *See Morris v. Am. Home Mortg. Servicing, Inc.*, 360 S.W.3d 32, 35 (Tex. App.— Houston [1st Dist.] 2011, no pet.) (citing *McGlothlin*, 672 S.W.2d at 233); *Hong*

*Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

Courts, however, have recognized that a question of title may be so intertwined with the issue of possession as to preclude adjudication of the right to possession without first determining title. *See Chinyere*, 440 S.W.3d at 83. In such cases, neither the justice court nor the county court on appeal has jurisdiction. *Id.*; *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). A challenge to a court's lack of subject matter jurisdiction can be raised at any time, including for the first time on appeal. *Chinyere*, 440 S.W.3d at 83 (citation omitted). We review such questions of law de novo. *Id.* (citation omitted).

"Whether an existing title dispute in another court deprives the justice and county courts of jurisdiction to adjudicate possession in forcible‑detainer actions generally turns on whether there is a basis—independent of the claimed right to title—for the plaintiff's claim of superior possession rights in the property." *Id*. Under well-settled law, a deed of trust that establishes a landlord-tenant relationship between the borrower and the purchaser of the property at the foreclosure sale demonstrates such a superior right to possession. *Morris*, 360 S.W.3d at 34–35; *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("The landlord-tenant relationship established in the

4

deed of trust provided a basis for the county court to determine that [the bank] had the right to immediate possession without resolving whether [the bank] wrongfully foreclosed on the property, an issue relating directly to who has title to the property."); *Dormady*, 61 S.W.3d at 559 ("The landlord-tenant relationship [in the deed of trust] provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property."); *Bruce v. Fed. Nat'l Mortg. Ass'n*, 352 S.W.3d 891, 893 (Tex. App.—Dallas 2011, pet. denied) (same holding).

Here, the record reflects that Williams had possession of the Property by or through the borrower on the Deed of Trust and that Williams failed to surrender the Property to VRM after the foreclosure. Thus, under the terms of the Deed of Trust, Williams became VRM's tenant at sufferance. The existence of this landlord-tenant relationship provides a basis for VRM's forcible detainer action independent of any title dispute, and, as such, the justice and county court had jurisdiction over the forcible detainer action. *See Chinyere*, 440 S.W.3d at 82; *Morris*, 360 S.W.3d at 34; *Villalon*, 176 S.W.3d at 71. Because the lower courts had jurisdiction over VRM's claim for immediate possession of the Property, the courts did not have discretion to abate or continue the forcible detainer action until

after William's entitlement to a short sale was decided in a separate suit.[1] *See Meridien Hotels v. Lho Fin. P'ship I, L.P.*, 97 S.W.3d 731, 738 (Tex. App.—Dallas 2003, no pet.) (holding justice court's abatement of forcible detainer action until finalization of district court's decision regarding right to possession under lease agreement in concurrent proceeding was abuse of discretion because district court case did not deprive justice court of jurisdiction in forcible detainer action).

We overrule both of Williams's issues.

## Conclusion

We affirm the county court's judgment.


Russell Lloyd
Justice


Panel consists of Justices Keyes, Huddle, and Lloyd.

---

[1] The record before us does not reflect that Williams ever requested a continuance or abatement. We further note that Williams did not file a separate suit to adjudicate title until June 3, 2014—over four months after the final judgment in the forcible detainer action.