# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00532-CV

**Steven B. Armbruster and Tammy Armbruster, Appellants**

**v.**

**Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-1623-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Steven Armbruster and Tammy Armbruster appeal a judgment of possession awarding residential property to Deutsche Bank National Trust Company, as Indenture Trustee for New Century Home Equity Loan Trust 2004-2 in a forcible-detainer suit. We will affirm the judgment.

### BACKGROUND

The Armbrusters purchased the property at issue in 2004 and as part of the transaction executed a deed of trust securing payment of a note for purchase money that they borrowed from New Century. The deed of trust specified that in the event of the Armbrusters' uncured default and a foreclosure sale of the property, the Armbrusters were required to surrender the possession of the property or become tenants at sufferance subject to removal by a writ of possession:

> If the property is sold pursuant to this Section 22 [listing remedies for the Armbrusters' uncured default, including power of sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

After the Armbrusters defaulted on the loan and failed to cure their default, the property was sold to Deutsche at foreclosure, documented by a substitute trustee's deed. Deutsche's counsel then sent the Armbrusters notice to vacate the property. After the Armbrusters failed to vacate, Deutsche filed a forcible detainer suit against them in justice court, which determined that Deutsche was entitled to possession of the premises. The Armbrusters appealed that judgment to the county court at law, which ultimately rendered judgment granting Deutsche possession of the property. This appeal followed.

## DISCUSSION

The Armbrusters' appellate issues contend that: (1) a title issue existed depriving the justice court and the county court at law of jurisdiction over the forcible-detainer action; and (2) the county court at law erred in overruling their hearsay objection to the substitute trustee's deed.

### Forcible detainer

Forcible detainer is a procedure to determine the right to immediate possession of real property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive procedure for obtaining possession without resorting to a suit on the title. *Id*. at 926-27 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)); *see* Tex. R. Civ. P. 510.3(e) ("only issue" before

2

justice court in eviction cases is "right to actual possession and not title"); *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("Any defects in the foreclosure process or with the purchaser's title to the property may not be considered in a forcible detainer action.").

A forcible-detainer action will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a); *see also Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 Tex. App. LEXIS 14615, at * 5 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.). To prevail, the plaintiff in a forcible-detainer suit need only show sufficient evidence of ownership demonstrating a superior right to immediate possession. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). To establish forcible detainer, Deutsche had to prove that: (1) it was the owner of the property in question, (2) the Armbrusters occupied the property at the time of foreclosure, (3) the foreclosure was of a lien superior to the Armbrusters' right to possession, (4) Deutsche made a written demand for possession in accordance with section 24.005 of the Property Code, and (5) the Armbrusters refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005; *Jaimes*, 2013 Tex. App. LEXIS 14615, at *4-5 (citing *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied)).

Deutsche's evidence at trial included copies of the Armbrusters' deed of trust granting a security interest in the property to New Century or a holder of the Armbrusters' note, the assignment from New Century to Deutsche of the Armbrusters' deed of trust and note, and the substitute trustee's deed conveying the property that was sold to Deutsche at the foreclosure sale.

3

The substitute trustee's deed showed that Deutsche purchased the property under the terms of the deed of trust after the Armbrusters' uncured default. The deed of trust showed that the Armbrusters became tenants-at-sufferance by refusing to surrender possession of the property after it was sold to Deutsche at foreclosure. Further, the copies of the notice mailed by Deutsche's counsel to the Armbrusters advised them that their tenancy was being terminated and that they were required to vacate the property. When, as here, a foreclosure under a deed of trust establishes a landlord-and-tenant-at-sufferance relationship between the parties, there is an independent basis to determine the issue of immediate possession, and there is no need to reach the issue of title to the property. *See Schlichting*, 346 S.W.3d at 199-200. The Armbrusters did not present any evidence controverting Deutsche's evidence at trial, and Deutsche's evidence was sufficient to establish its right to immediate possession of the property. *See id*. at 198 (considering similar evidence); *Williams*, 315 S.W.3d at 927 (same); *see also Jaimes*, 2013 Tex. App. LEXIS 14615, at *5-6 (same).

**"Title issue"**

The Armbrusters contend that the forcible-detainer suit should have been abated or dismissed because they raised a title issue in a separate district-court suit alleging void foreclosure, that the justice court and the county court at law lacked jurisdiction because the Armbrusters' title issue had to be resolved before the issue of possession, and that the deed of trust failed to create a landlord-tenant relationship. We rejected these arguments in *Jaimes*, a similar forcible-detainer appeal. *See* 2013 Tex. App. LEXIS 14615, at *7-15.[1]

---

[1] The Armbrusters' counsel here was also counsel for the appellant in *Jaimes*.

4

Here, like the appellant in *Jaimes*, the Armbrusters contend that the filing of their district-court suit, which raised a title issue, deprived the justice court and the county court at law of jurisdiction to proceed with the forcible-detainer action until the district-court suit concluded. But in *Jaimes* we concluded that permitting parties to abate forcible-detainer actions simply by filing suit in district court would frustrate the legislative intent for forcible-detainer proceedings to be "a summary, *speedy*, and inexpensive remedy for the determination of who is entitled to possession of premises." *Id*. at *8-9 (quoting *Scott v. Hewitt*, 90 S.W.2d 816, 820 (Tex. 1936)); *see also In re Mandola*, No. 03-11-00816-CV, 2012 Tex. App. LEXIS 122, at *3 (Tex. App.—Austin Jan. 4, 2012, orig. proceeding) (noting that "eviction suit may be brought and prosecuted at the same time as a suit to try title in a district court"). We are not persuaded to depart from *Jaimes*.

Next, relying on *A Plus Investments, Inc. v. Rushton*, the Armbrusters contend that because Deutsche failed to "connect the dots"—i.e., establish that the parties on the loan documents and the party seeking to enforce them are the same—the forcible-detainer action determining the issue of possession could not proceed without first determining the issue of title. *See* No. 02-03-00174-CV, 2004 Tex. App. LEXIS 3605, at *5-6 (Tex. App.—Fort Worth Apr. 22, 2004, no pet.) (mem. op.). However, we have distinguished *A Plus* in two opinions because *A Plus* involved "the unique constitutional requirements related to home equity security instruments." *See Jaimes*, 2013 Tex. App. LEXIS 14615, at *13 (citing *Reardean v. Federal Home Loan Mtg. Corp*., No. 03-12-00562-CV, 2013 Tex. App. LEXIS 10111, at *8 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.)). The Armbrusters' deed of trust plainly states that their loan was for purchase money and was not a home-equity loan. *A Plus* is inapplicable here for the same reason it did not apply in *Jaimes* and *Reardean*. *See id*.

5

Finally, the Armbrusters rely on *Chinyere v. Wells Fargo Bank, N.A.*, to contend that the clause creating a landlord-tenant relationship in their deed of trust was similar to an ineffective clause in the deed of trust considered in *Chinyere* that failed to establish a basis for Wells Fargo's claimed possession rights. *See* 440 S.W.3d 80, 85 (Tex. App.—Houston [1st Dist.] 2012, no pet.). However, as we noted in *Jaimes*, the *Chinyere* court found no landlord-tenant provision in the deed of trust. *Jaimes*, 2013 Tex. App. LEXIS 14615, at *13-14 (quoting *Chinyere*, 440 S.W.3d at 85 ("We have examined both the Deed of Trust and the Substitute Trustee's Deed in the underlying dispute and neither one contains language creating a landlord-tenant relationship.")). Here, as in *Jaimes*, the appellee provided evidence of a deed of trust explicitly creating a landlord-tenant relationship upon foreclosure; thus, it was unnecessary to resolve a title dispute before determining who had the right to immediate possession. *See id.* at *14-15; *Schlichting*, 346 S.W.3d at 199-200.

The Armbrusters' title issue is overruled.

**Hearsay objection**

The Armbrusters also contend that the county court at law erred by overruling their hearsay objection to the truth of the matters asserted in the substitute trustee's deed, which did not have a jurat or affidavit attached. However, Deutsche points out that recitals in the substitute trustee's deed were properly before the court under Texas Rule of Evidence 803(15), which contains an exception to the hearsay rule for statements made in documents intending to establish or affect an interest in property. *See* Tex. R. Evid. 803(15); *Mason v. Wells Fargo Bank*, No. 05-12-01590-CV, 2013 Tex. App. LEXIS 13682, at *10 (Tex. App.—Dallas Nov. 5, 2013, no pet.) (mem. op.) (applying Rule 803(15) in rejecting appellant's argument that recitals in trustee's deed

were subject to exclusion under hearsay rule); *Compton v. WWV Enters.*, 679 S.W.2d 668, 671 (Tex. App.—Eastland 1984, no writ) (noting that exception in Rule 803(15) applies to recitals or statements in deeds, leases, and mortgages). The Armbrusters failed to address the exception in Rule 803(15). Because the Armbrusters have not shown that the court abused its discretion by overruling their hearsay objection, this issue is overruled.

## CONCLUSION

We affirm the judgment of possession.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Affirmed

Filed: August 31, 2015