

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00589-CV

**IN RE** Eloise and Ruben **GUZMAN**

Original Mandamus Proceeding[1]

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: February 17, 2021

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The underlying proceeding involves relators Eloise and Ruben Guzman's appeal to the county court at law from a forcible detainer judgment obtained in justice court. Before commencement of the trial de novo, the county court at law abated the underlying proceeding pending the full and final resolution of a separate title dispute against relators filed in the district court. In this original proceeding, relators seek a writ of mandamus directing the trial judge to vacate the order of abatement to allow the parties to proceed to trial de novo on the forcible detainer action before the county court at law. We conditionally grant the petition.

---

[1] This proceeding arises out of Cause No. 2020-CV-0212, styled *Ruben Guzman and Eloise Guzman v. Mary A. Derrick and All Other Occupants*, pending in the County Court, Guadalupe County, Texas, the Honorable Bill Squires presiding.

## BACKGROUND

Relators purchased the property at issue from Eloise Guzman's parents, Servando and Eloise Arizpe, in 2000. Relators allowed the Arizpes to live in a mobile home on the property rent free. Subsequently, the Arizpes allowed Mary Derrick to live with them to assist them as they aged. On February 12, 2020, Servando Arizpe filed a lawsuit against relators in district court, arguing relators had obtained the deed to the property in dispute by way of fraud.

On August 6, Servando Arizpe died, and relators subsequently initiated a forcible detainer action in justice court to evict Derrick from the property. Relators contend that they own the property and that Derrick's authorization to occupy the property has expired. The justice court granted judgment in favor of Derrick and relators appealed to the county court at law for a trial de novo. Before trial, the county court abated pending full and final resolution of the title contest filed in district court. Relators filed a motion to unabate the case, which the county court denied. Relators filed their petition for writ of mandamus challenging the county court's order of abatement. The real party in interest did not file a response. In their petition, relators argue the county court abused its discretion by abating the forcible detainer action where proof of title is not a prerequisite to demonstrating a superior right of immediate possession, and hence the district court's jurisdiction to determine the question of title is not disturbed by the forcible detainer action.

## STANDARD OF REVIEW

Generally, to obtain mandamus relief, a relator must show both that the trial court clearly abused its discretion, and that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is and applying it to the facts and abuses its discretion if it fails to analyze or apply the law

correctly.  *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding); *Walker*, 827 S.W.2d at 840.

**APPLICABLE LAW**

A forcible detainer occurs when a person, who is a tenant at sufferance, refuses to surrender possession of real property after his right to possession has ceased.  TEX. PROP. CODE ANN. § 24.002(a)(2); *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915–16 (Tex. 2013); *Smith v. Beneficial Fin. I Inc.*, No. 05-14-00497-CV, 2015 WL 6777828, at *1 (Tex. App.—Dallas Nov. 6, 2015, no pet.) (mem. op.).  A forcible detainer action is "a summary, speedy, and inexpensive" procedure for determining the right to immediate possession of real property where no claim of unlawful entry exists.  *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926–27 (Tex. App.—Dallas 2010, no pet.).  The only issue to be determined in a forcible detainer action is the right to actual possession of the premises; the trial court may not adjudicate questions of title.  TEX. R. CIV. P. 510.3(e); *cf. Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (stating defects in foreclosure process or with purchaser's title to property may not be considered in forcible detainer action).

The jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo.  TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 510.3(b).  Forcible detainer actions are cumulative of any other remedy a party may have in the courts of this state, and the displaced party is entitled to bring a separate suit in the district court to determine questions of title.  *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 436 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

A question of title may be so intertwined with the issue of possession, however, as to preclude adjudication of the right to possession without first determining title.  *Williams v. VRM-Vendor Res. Mgmt.*, No. 01-14-00272-CV, 2015 WL 3915636, at *2 (Tex. App.—Houston [1st

Dist.] June 25, 2015, no pet.) (citing *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 83 (Tex. App.—Houston [1st Dist.] 2012, no pet.)). In such cases, the county court is deprived of jurisdiction if resolution of a title dispute is a prerequisite to the determination of the right to immediate possession. *In re Gallegos*, No. 13-13-00504-CV, 2013 WL 6056666, at *5 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (mem. op.) (citing *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)).

On the other hand, if the issues of title and possession are not so intertwined, "a forcible-detainer suit in justice court may run concurrently with another action in another court—even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Matters relating to possession may even overlap in the two proceedings without affecting a county court's jurisdiction to determine immediate possession because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Id.* (emphasis added in original) (quoting *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi 2002, no pet.)).

## DISCUSSION

In response to relators' motion to unabate in the county court, Derrick argued the county court does not have jurisdiction to hear the forcible detainer action while a title dispute is ongoing because the right to immediate possession of the property is intrinsically linked to title. We disagree. The issues of title and possession in this case are not so interconnected as to preclude the county court from determining the right to immediate possession. *See In re Catapult Realty Capital, L.L.C.*, No. 05-19-00109-CV, 2020 WL 831611, at *9 (Tex. App.—Dallas Feb. 20, 2020,

orig. proceeding). Servando Arizpe initially filed the title dispute in district court arguing that relators obtained the property in dispute by fraud. Relators subsequently initiated a forcible detainer action in justice court to evict Derrick from the property because relators contended that Derrick's permission to occupy the property had terminated. When doing so, relators provided the deed by which they believe to have acquired ownership of the property.

This deed represents prima facie evidence of title until it is set aside by a court. *See Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 618 (Tex. 2007) ("Deeds obtained by fraud are voidable rather than void, and remain effective until set aside"). On this record, there is a deed, effective until set aside. The county court has jurisdiction to determine the right of immediate possession in the forcible detainer action. *See Nguyen*, 229 S.W.3d at 437 (providing that a forcible detainer action may run concurrently with another action even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible detainer suit); *cf. Cook v. Mufaddal Real Estate Fund*, No. 14-15-00651-CV, 2017 WL 1274118, at *2 (Tex. App.—Houston [14th Dist.] Apr. 4, 2017, no pet.) (mem. op.) (holding that challenges to the validity of a foreclosure sale do not deprive the justice or county court of jurisdiction because plaintiffs in a forcible detainer action need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession to prevail).

The mere existence of a title dispute in district court did not divest the county court of jurisdiction over the forcible detainer action. *See Catapult Realty Capital*, 2020 WL 831611, at *9. Absent from the record is any specific evidence that meets Derrick's burden to demonstrate that the title dispute is so intertwined with the issue of immediate possession as to defeat the jurisdiction of the county court. *See Hawkins v. Jenkins*, No. 05-18-01017-CV, 2019 WL 4051830, at *2 (Tex. App.—Dallas Aug. 28, 2019, no pet.) (mem. op.) (providing that a defendant must provide specific evidence of genuine title dispute intertwined with issue of immediate

possession in order to defeat county court jurisdiction). We therefore conclude the granting of the order to abate until final disposition of the title dispute was an abuse of discretion. *See Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 97 S.W.3d 731, 737 (Tex. App.—Dallas 2003, no pet.).

We also conclude that relators have no adequate remedy at law. Relators are effectively denied any alternative method of challenging immediate possession during the county court's abatement. *See Catapult Realty Capital*, 2020 WL 831611, at *9 ([W]hen an abatement order vitiates another party's ability to prosecute and present a viable claim or defense, ordinary appeal may not provide an adequate remedy for an abuse of the trial court's discretion.").

## CONCLUSION

For the reasons stated above, we conclude the county court abused its discretion by abating the forcible detainer action, and relators do not have an adequate remedy at law. *See Walker*, 827 S.W.2d at 843. Accordingly, we conditionally grant the petition for writ of mandamus and direct the county court, no later than fifteen days from the date of this opinion, to vacate its October 12, 2020 Order on Abatement.

Rebeca C. Martinez, Chief Justice