

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00083-CV

Tommy R. **YATES** and All Occupants of 9531 Cross Ridge, San Antonio, Texas 78263,
Appellant

v.

**WIOSA, LLC**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2021CV04364
Honorable David J. Rodriguez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: December 7, 2022

AFFIRMED

Appellant Renee L. Fleener, proceeding *pro se*, appeals the county court's judgment awarding appellee, WIOSA, LLC, possession of real property in the underlying forcible detainer action. In what we construe to be Fleener's sole issue, she complains that the county court lacked subject-matter jurisdiction to determine the right of possession because she possesses superior title. We affirm.

# I. BACKGROUND

The property that is the subject of this forcible detainer action is located at 9531 Cross Ridge, San Antonio, Texas 78263 (the "Property"). On January 19, 2004, Tommy R. Yates executed a deed of trust, which granted a security interest in the Property. Sometime thereafter, Tommy[1] died. On February 11, 2019, a probate court signed a judgment declaring heirship regarding Tommy's estate. In the heirship judgment, the probate court found that Tommy died intestate and that his sole heirs consisted of six children, the youngest two being Priscilla and Christopher. Fleener contends that she was Tommy's stepdaughter and is an older half-sister to Priscilla and Christopher. According to Fleener, Priscilla gave her permission to occupy the Property.

On October 5, 2021, WIOSA purchased the property at a foreclosure sale. Thereafter, it instituted a detainer action in the justice court. The justice court signed a judgment in WIOSA's favor and an eviction citation against all occupants of the property. Fleener, proceeding *pro se*, appealed the justice court's judgment to the county court. At the trial on WIOSA's forcible detainer action, the county court admitted as evidence the deed of trust, a substitute trustee's deed from the foreclosure sale, data relating to the Property's potential rental income, the heirship judgment, and emails Fleener sent to WIOSA's counsel. Within the emails is an affidavit that Fleener executed; it reads in relevant part, "I Renee Fleener state true fact [sic] took over as [h]ome [o]wner at 9531 Cross Ridge, San Antonio, TX 78263[.] I went and added equity back to the property by maintaining [*four illegible words*] siding of house and painting the inside and outside of house." In the county court trial, Fleener showcased this "affidavit of ownership," as she termed it, and testified that it established her superior title to the Property. The county court signed a

---

[1] For the sake of clarity and brevity, we use first names when referring to members of the Yates family.

judgment granting WIOSA possession of the Property and awarding it $7,300.00 in damages. Fleener then filed this appeal.

## II. DISCUSSION

### A.    Standard of Review

When a party challenges a county court's subject-matter jurisdiction in a forcible detainer suit, we review the county court's ruling *de novo*. *Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 83 (Tex. App.—Houston [1st Dist.] 2012, no pet.). "Subject-matter jurisdiction can be raised at any time, including for the first time on appeal." *Id*.

### B.    Applicable Law

In a forcible detainer suit, the trial court determines the right to immediate possession of real property where there is no claim of unlawful entry. *Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied); TEX. PROP. CODE ANN. § 24.002(a). "Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial *de novo*." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). The sole "issue in a forcible detainer action is which party has the right to immediate possession of the property." *Id*. "[T]he merits of the title shall not be adjudicated." *Id*.; *see also* TEX. R. CIV. P. 510.3(e). Accordingly, to prevail in a forcible detainer action, "the plaintiff need not prove title but merely present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Chinyere*, 440 S.W.3d at 82–83.

Nevertheless, a question of title may be so intertwined with the issue of possession, so as to preclude adjudication of the right to possession without first determining title. *Williams v. VRM-Vendor Res. Mgmt.*, No. 01-14-00272-CV, 2015 WL 3915636, at *2 (Tex. App.—Houston [1st Dist.] June 25, 2015, no pet.) (mem. op.). In such cases, the county court is deprived of jurisdiction

if resolution of a title dispute is a prerequisite to the determination of the right to immediate possession. *In re Gallegos*, No. 13-13-00504-CV, 2013 WL 6056666, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, orig. proceeding) (mem. op.).

If, on the other hand, the issues of title and possession are not so intertwined, "a forcible-detainer suit in justice court may run concurrently with another action in another court — even if the other action adjudicates matters that could result in a different determination of possession from that rendered in the forcible-detainer suit." *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 437 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Matters relating to possession may even overlap in the two proceedings without affecting a county court's jurisdiction to determine immediate possession because "a judgment of possession in a forcible detainer action is a determination only of the right to *immediate possession* and does not determine the *ultimate* rights of the parties to *any* other issue in controversy relating to the realty in question." *Id*. (quoting *Lopez v. Sulak*, 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.)).

**B. Analysis**

Liberally construing Fleener's brief, we read her sole issue as complaining that her "affidavit of ownership" vested her with superior title to the Property as compared to WIOSA, and that this superior title somehow deprived the county court of jurisdiction. Fleener fails to direct us to any legal authority — and we have found none — that supports her argument. Moreover, Fleener's testimony and "affidavit of ownership" fail to establish that issues of title and possession are so intertwined so as to have deprived the county court of subject-matter jurisdiction. *See Williams*, 2015 WL 3915636, at *2; *Hong Kong Dev., Inc.*, 229 S.W.3d at 437. Accordingly, we hold that the county court did not err in concluding that it had subject-matter jurisdiction to consider WIOSA's detainer action. Fleener's sole issue is overruled.

### III. Conclusion

We affirm the judgment of the county court.

Rebeca C. Martinez, Chief Justice