# Court of Appeals
## Tenth Appellate District of Texas

10-24-00348-CV

Peter Christian,
Appellant

v.

Charles Pace and Alexa Pace,
Appellees

On appeal from the
County Court at Law No. 3 of McLennan County, Texas
Judge J. Patrick Atkins, presiding
Trial Court Cause No. 20240421CV3

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Peter Christian, acting pro se, appeals from the trial court's judgment in a forcible detainer action awarding possession of certain real property to Charles and Alexa Pace. In two issues, Christian asserts the trial court lacked jurisdiction to hear the case and the Paces' cause of action has no basis in law. We affirm.

## BACKGROUND

On July 1, 2023, the Paces, as landlords, and Christian and his wife, Shelbie Zimmerman,[1] as tenants, signed a residential lease agreement. Pursuant to the lease, Christian leased a mobile home located at 1785 Double EE Ranch Road, Waco, Texas. The term of the lease began on July 1, 2023 and ended on September 30, 2023.

On February 5, 2024, the Paces filed a petition for eviction in Justice Court alleging as grounds for eviction unpaid rent and violations of several lease terms. Zimmerman and Christian each filed an answer denying the Paces' allegations and asserting that the Paces are not the owners of the property, they have no standing, the court lacks jurisdiction, and the case must be dismissed. After a hearing, the Justice Court rendered judgment in favor of the Paces for possession of the premises. The court also ordered Christian to pay rent into the Justice Court registry.

Christian appealed the judgment to County Court at Law Number 3 where the case was heard by a jury. In accordance with the jury verdict, the court ordered that the Paces recover possession of the premises and economic damages in the amount of $3,600.00. This appeal ensued.

---

[1] Shelbie Zimmerman passed away during the pendency of this case.

**JURISDICTION/BASELESS CAUSE OF ACTION**

In his first and second issues, Christian contends the lower courts lacked jurisdiction and the Paces' cause of action has no basis in law.[2]   Specifically, he asserts that the issues of possession and title are so inextricably intertwined or integrally linked that the title question must be answered first, in a district court.  Further, he contends, because the Paces are not entitled to recover possession of the property, their suit has no basis in law.

Christian contends that, while the Paces may have owned the property at the outset of the lease, an assertion he deems immaterial even if true, there was a change in ownership of the property in November 2023, causing the lease to become defunct.  Therefore, he argues, there was no landlord-tenant relationship after September 2023.

In support of his argument that there was a change in ownership, Christian relies on documents he signed in November 2023.  At the time Christian moved onto the property, Charles Pace was president of The Branch the LORD Our Righteousness (The Branch), and Charles Pace apparently controlled church property, which includes the property leased to Christian. However, according to Christian, Pace asked Christian to be the new leader of

---

[2]  In the trial court, Christian filed a "Motion to Dismiss for Lack of Jurisdiction or Dismiss Baseless Cause of Action," based in part on Texas Rule of Civil Procedure 91a, in which he separated the two arguments.  On appeal, although he listed the issues separately, Christian combines his arguments.

the church on November 7, 2023, and Christian agreed. On November 8, 2023, Christian, purportedly acting in accordance with established church by-laws, reorganized The Branch into The Davidian Branch the LORD Our Righteousness. On the same date, Christian signed a document entitled "Correction Special Warranty Deed" in an apparent attempt to transfer all property owned by The Branch to the Davidian Branch.

Also on November 8, Christian signed a lease agreement purportedly between the reorganized church as landlord and Christian and his family as tenants. Christian signed the lease as landlord in his capacity as president of The Davidian Branch, and he also signed as tenant. Therefore, according to Christian's argument, the church owns the property, Christian, as head of the church, is now the landlord, and by virtue of the November 8 lease, Christian is the church's tenant. Accordingly, Christian asserts, the Paces have not proven they own the property, their eviction suit has no basis in law, and they have no standing to bring this suit.

Finally, Christian asserts that the church owns the property, and under the ecclesiastical abstention doctrine, courts do not have jurisdiction to determine church governmental issues. Specifically, he contends that the possession issue is inextricably intertwined with the question of which church

members may decide who will be the next church leader and who may be removed from the church, issues that are exclusively ecclesiastical.

**Standard of Review**

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When conducting a de novo review, because the question is one of law and not of facts, the reviewing tribunal exercises its own judgment and accords the original tribunal's decision no deference. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

We conduct a de novo review of a trial court's ruling on a Rule 91a motion to dismiss. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020). In ruling on a Rule 91a motion, a court may not consider evidence and must decide the motion based solely on the plaintiff's live pleadings, and any pleading exhibits permitted by Rule 59, if applicable. TEX. R. CIV. P. 91a.6; *Triple P.G. Sand Dev., LLC v. Del Pino*, 649 S.W.3d 682, 694 (Tex. App.—Houston [1st Dist.] 2022, no pet.). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleading. *Roach v. Ingram*, 557 S.W.3d 203, 225 (Tex. App.—Houston [14th Dist.] 2018, pet. denied).

**Applicable Law**

When there is no unlawful entry, a forcible-detainer suit is the proper procedure to determine possession of real property. *See* TEX. PROP. CODE ANN. § 24.002; *see also Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied). A justice court in the precinct in which real property is located has jurisdiction over a forcible detainer suit. TEX. PROP. CODE ANN. § 24.004(a). Appeal is to the county court. TEX. R. CIV. P. 510.10(c). The sole issue in a forcible detainer suit is the right to immediate possession of the premises. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Neither justice courts nor county courts exercising appellate jurisdiction have jurisdiction to determine or adjudicate title to land in a forcible detainer action. *See Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The existence of a title dispute does not deprive the justice court of jurisdiction, but when there is a genuine issue of title so intertwined with the issue of possession that the justice court cannot decide the issue of possession without first deciding the title issue, then the justice court lacks jurisdiction over the suit. *Id.* However, if there is an independent basis to resolve the possession issue, such as a landlord-tenant relationship, then the justice court and county court at law retain jurisdiction and may resolve the possession

issue without deciding the title issue. *See Chinyere v. Wells Fargo Bank, N.A.,* 440 S.W.3d 80, 83-84 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

A tenant who continues to occupy leased premises after expiration or termination of its lease is a "holdover tenant." *Coinmach Corp. v. Aspenwood Apartment Corp.,* 417 S.W.3d 909, 915 (Tex. 2013). A holdover tenant at sufferance is a tenant who has been in lawful possession of property and wrongfully remains as a holdover after the tenant's interest has expired. *Id.* In a tenancy at sufferance, the landlord may revoke consent and treat the tenant as a trespasser. *Id.* at 916.

Rule of Civil Procedure 91a authorizes a party to move for early dismissal of a cause of action on the ground that it has no basis in law or fact. *See Bethel,* 595 S.W.3d at 654. A cause of action has no basis in law if the allegations, taken as true, together with any inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* Courts have recognized that a cause of action has no basis in law under Rule 91 in at least two situations: (1) where the plaintiff fails to plead a viable, legally cognizable cause of action; and (2) where the allegations in the plaintiff's own pleading establish a legal bar to the relief requested. *See Reaves v. City of Corpus Christi,* 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.).

**Discussion**

*Jurisdiction*

It is undisputed that the Paces and Christian entered into a residential lease agreement. The lease provided that it covered a three-month period and a new lease will be drawn up for the next six months if both landlord and tenant are in agreement. Thereafter, the lease could be renewed every six months. The lease did not contain a holdover provision, so the parties' conduct will determine the nature of the holdover tenancy. *Coinmach Corp.*, 417 S.W.3d at 916. Alexa Pace testified that before the lease expired, she and her husband told Christian that they wanted him to vacate the premises. When the lease ended at the end of September, Christian refused to surrender the property, and the Paces sent at least two notices to vacate. Accordingly, Christian was a tenant at sufferance. *See id.* at 915.

A forcible detainer suit is the proper method of determining possession where, as here, a tenant holds over after the expiration of a lease without the consent of the owner. *See* TEX. PROP. CODE ANN. § 24.002(a)(1). The parties' landlord-tenant relationship presented an independent basis on which the trial court could determine the right to immediate possession without resolving underlying title issues. *See Chinyere*, 440 S.W.3d at 83-84; *Rice*, 51 S.W.3d at 712. Accordingly, the justice court had subject-matter jurisdiction to

determine whether the Paces or Christian had a superior right to immediate possession of the property. Because the justice court had subject matter jurisdiction over the underlying forcible detainer suit, the county court had subject matter jurisdiction over the appeal. *See Rice*, 51 S.W.3d at 708-09.

*Rule 91a*

Christian asserts the Paces' cause of action has no basis in law because they are not entitled to recover possession of the property. However, accepting the Paces' pleadings as true, their cause of action is based on the landlord-tenant relationship resulting from the parties' lease. *See Roach*, 557 S.W.3d at 225. Likewise, Christian's argument that the Paces do not own the property and litigation to determine ownership would violate the ecclesiastical abstention doctrine also fails. There is no support for that argument in the pleadings, and we may not consider any evidence. TEX. R. CIV. P. 91a.6. Construing the pleadings in favor of the Paces and accepting as true the factual allegations in the petition, we conclude that Christian did not establish that the Paces' claims lack a basis in law. *See Reaves*, 518 S.W.3d at 608.

*Standing*

Further, due to the landlord-tenant relationship between the Paces and Christian regarding the property, the Paces have a justiciable interest in the outcome of the lawsuit, and there is a real controversy between the parties.

*See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848-49 (Tex. 2005). Accordingly, the Paces had standing to bring the forcible-detainer action. *Id*. Finding no merit in Christian's arguments, we overrule his issues one and two.

## CONCLUSION

The Paces had standing to bring the cause of action, and the justice and county courts had jurisdiction to hear the case. Further, Christian did not establish that the Paces' cause of action lacks a basis in law. We affirm the trial court's judgment.[3]

---

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  October 16, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirm
CV06



---

[3] All pending motions are dismissed as moot.